**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4664**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES EVANS,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:19-cr-00267-1)

Submitted:  May 21, 2024                                    Decided:  July 12, 2024

Before QUATTLEBAUM and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mary Claire Davis, WEST VIRGINIA UNIVERSITY COLLEGE OF LAW, Morgantown, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Jonathan T. Storage, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Evans appeals his 18-month, upward-variant revocation sentence. He argues that the sentence is plainly unreasonable because the district court based the sentence predominately on the retribution factors in 18 U.S.C. § 3553(a)(2)(A). We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine "whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable," applying the same general considerations used in evaluating original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

A district court imposes a procedurally reasonable revocation sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Slappy*, 872 F.3d at 207 (footnotes omitted). A district court imposes a substantively reasonable sentence when "the totality of the circumstances indicates that the

2

court had a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (internal quotation marks omitted).

When fashioning an appropriate revocation sentence, "the court should sanction primarily the defendant's breach of trust." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s.; *see United States v. Lewis*, 90 F.4th 288, 290-91 (4th Cir. 2024) (holding "that Chapter 7 faithfully implements the governing statutes and therefore is not ultra vires"), *cert. denied*, No. 23-7145, 2024 WL 2116463 (U.S. May 13, 2024). While the court also must consider certain enumerated factors under § 3553(a), excluded from that list are the "retribution" factors "in § 3553(a)(2)(A), stated as the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Lewis*, 90 F.4th at 295 (cleaned up); *see* 18 U.S.C. § 3583(e). "Offense" in this context "refers to the offense of conviction for which the defendant was originally sentenced, not the new conduct violating his supervised release conditions." *Lewis*, 90 F.4th at 297; *see id.* at 298. Accordingly, the statute should not be "read to restrict a district court from even considering the relative seriousness of the conduct underlying the defendant's supervised release violation," as that factor is relevant when "measuring the extent of the breach of trust." *Id.* at 298 (internal quotation marks omitted).

Moreover, we have recognized that the retribution "factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)," *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013), including, "the

3

defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public," *Lewis*, 90 F.4th at 295. Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence . . . unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Webb*, 738 F.3d at 642. When deciding whether a district court improperly relied upon the retribution factors, we examine the "overall context" of the court's explanation for the revocation sentence. *Lewis*, 90 F.4th at 299.

Because Evans did not object to the district court's reliance on the retribution factors in § 3553(a)(2)(A), we review the issue for plain error. *Webb*, 738 F.3d at 640-41. To establish plain error, Evans "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). In the sentencing context, a defendant establishes that an error affected his substantial rights by showing "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018) (internal quotation marks omitted). But even if a defendant makes this showing, we will not recognize the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Webb*, 738 F.3d at 641 (cleaned up).

After carefully reviewing the record and the parties' arguments on appeal, we conclude from the "overall context" that the district court based Evans' revocation sentence predominately on permissible considerations such as his breach of the court's trust, his

4

history and characteristics, and the need for the sentence to deter him from future criminal conduct and to protect the public.  While the court mentioned some impermissible factors, such as the need to promote respect for the law, its discussion of those factors was intertwined with proper considerations.  At the very least, we cannot say that the court based Evans' revocation sentence predominately on those impermissible factors.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*